**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 20 C 50300 |
| ) | |
| JARVIS WASHINGTON, ) | |
| ) | |
| Movant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In November 2013, a grand jury indicted Jarvis Washington on five counts alleging possession with intent to distribute controlled substances (counts one and two), possession of a firearm and ammunition as a felon (counts three and four), and possession of a firearm in furtherance of a drug-trafficking crime (count five). A jury convicted Washington on counts one, two, three, and four, and another judge of this Court sentenced him to an eleven-year prison term. In November 2016, the Seventh Circuit affirmed his convictions. Washington has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court denies his motion for the reasons stated below.

### Background

The following facts established during Washington's jury trial are relevant to the claims in his motion under 28 U.S.C. § 2255. Washington was arrested in September 2013. At the time of Washington's arrest, law enforcement found a firearm, ammunition,

and drugs in his possession. The grand jury returned an indictment that charged Washington for possession of a firearm and ammunition as a felon (counts three and four), which are based on 18 U.S.C. § 922(g)(1), as well as three other counts that are not relevant for the purposes of Washington's section 2255 motion. The case proceeded to a three-day jury trial that took place in March and April 2015.

Counts three and four of Washington's indictment and conviction are based on 18 U.S.C. § 922(g)(1). The jury instructions at trial enumerated the elements the government needed to prove beyond a reasonable doubt: (1) the defendant knowingly possessed a firearm or ammunition as identified in the count at issue; (2) at the time of the charged act, Washington previously had been convicted of a crime that was punishable by a term of imprisonment of more than one year; and (3) the possession was in or affecting commerce. Section 922(g) prohibits certain categories of individuals, including convicted felons, from possessing a firearm. At the time of Washington's conviction, controlling Seventh Circuit authority only required the government to prove the defendant had knowledge with respect to possession of the firearm or ammunition, not regarding his status as a convicted felon. At trial, Washington and the government stipulated that on the day of his arrest, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. In its response brief to Washington's section 2255 motion, the government noted that Washington had completed a twenty-eight-month sentence for the prior felony.

During Washington's criminal trial, the government did not establish or attempt to establish that Washington had knowledge of his status as a convicted felon at the time of possession. Under existing Seventh Circuit precedent, the government was not

2

required to do so; its burden was limited to proving knowledge as to possession of the firearm and ammunition.

On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which changed the governing legal standard for section 922(g) offenses. Specifically, the Court held that to obtain a conviction under section 922(g), the government must prove "that the defendant knew he possessed a firearm *and* also that he knew he had the relevant status when he possessed it." *Id.* at 2194 (emphasis added). As indicated, this was not the controlling interpretation of section 922(g) in the Seventh Circuit when Washington was indicted, tried, and convicted.

The trial judge imposed a 132-month prison term in July 2015. Washington appealed his conviction, arguing that his convictions on counts three and four—for possessing a firearm and ammunition—should merge. In November 2016, the Seventh Circuit affirmed Washington's convictions on both counts. *United States v. Washington*, 666 F. App'x 544 (7th Cir. 2016),

Washington, who is currently confined at Yazoo City Medium, a federal correctional institution, has moved under section 2255 to vacate, set aside, or correct his sentence. He contends that the government did not meet its required burden in proving every element to the offense, including his knowledge of his status as a felon. Washington also argues that the government could not have established his knowledge beyond a reasonable doubt, because he was under the influence of heroin, cocaine, and marijuana at the time of the offense.

The government contends, among other things, that Washington's section 2255 motion is untimely. Washington has stated under penalty of perjury that he put his

3

motion in the prison mailbox on June 20, 2020 and that his motion is timely because he placed it in the mail system less than a year after *Rehaif* was issued. On August 13, 2020, the Clerk received Washington's section 2255 motion, which had been postmarked on August 7, 2020. In its response to Washington's motion, the government argues that the motion is untimely and that he failed to comply with the prison's procedures for sending legal mail.

In his reply brief, Washington concedes that he did not submit the motion through the prison's legal mail system, but he contends that existing prison procedures, which had been disrupted by the COVID-19 pandemic, prevented him from doing so. He explains that he was only permitted to leave his room on three designated days per week, for a duration of thirty minutes, to shower. The officer who came around to collect outgoing mail from inmates did so once a week and on an inconsistent basis. Because the legal mail system was impacted by the prison's COVID-19-related procedural changes, Washington put his motion in the prison mailbox.

## Discussion

Under 28 U.S.C. § 2255, a court may vacate, set aside, or correct a sentence imposed in violation of the laws of the United States.

**A.  Timeliness**

As indicated earlier, the government argues that Washington's motion is untimely. A motion under section 2255 must be filed within one year of the latest of four dates listed in subsection (f). The provision applicable here, section 2255(f)(3), states that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

4

Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Because Washington's motion is based on *Rehaif*, the limitations period began to run on June 21, 2019, the date of that decision.

The government concedes that *Rehaif* retroactively applies to Washington's case, but it contends that Washington's motion is untimely because it was not postmarked or received by the Clerk until August 2020. The government further argues that although the limitation period is subject to equitable tolling in limited circumstances, that "is an extraordinary remedy and so 'is rarely granted.'" Gov.'s Resp. Br. at 15 (dkt. no. 15) (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)). Washington, the government contends, "has not even attempted to meet that burden." Gov.'s Resp. Br. at 15.

But the statute of limitations is an affirmative defense, so Washington was not required to negate it in his opening memorandum. In his reply brief, Washington contends that the limitations period should be equitably tolled because COVID-19-related procedures and disruptions prevented him from submitting his motion through the legal mail system, despite his reasonable diligence. He contends that because inmates could only come out of their room three times a week—Monday, Wednesday, and Friday—for only thirty minutes and only to shower, he had a limited opportunity to mail his motion. Mov.'s Reply Br. at 4 (dkt. no. 17). Furthermore, he says, an officer came around to collect legal mail only once per week and not on any specific day during the week. Washington contends that he put the motion in the prison mailbox rather than the legal mail system because the typical procedure for legal mail was unavailable or otherwise disrupted because of COVID-19 restrictions. It also appears to be undisputed

5

that Washington deposited the motion into the mailbox within the one-year limitations period, though just barely.

"To qualify for equitable tolling, a [movant] must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017). Washington's argument that equitable tolling should apply in his case is persuasive. In similar cases, judges have concluded that an incarcerated section 2255 movant or a habeas corpus petitioner is entitled to equitable tolling if he can show that disruptions and delays due to COVID-19 prevented him from filing a timely motion. *See Brown v. Davis*, 482 F. Supp. 3d 1049, 1060 (E.D. Cal. 2020) ("petitioner has shown his entitlement to prospective tolling of the applicable statute of limitations on grounds of delay in appointment of federal habeas counsel and the impact of the COVID-19 pandemic"); *United States v. Henry*, No. 2:20 C 1821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (indicating that a movant must show a "nexus" between COVID-19 and "failure to timely file his motion" for equitable tolling to be warranted). This Court has reached the same conclusion in a different context. *See Day v. Niles Twp. High Sch. Dist. 219 Bd. of Educ.*, No. 20 C 5772, 2020 WL 7641273, at *2 (N.D. Ill. Dec. 23, 2020) (Kennelly, J.) (plaintiff is entitled to equitable tolling because "he attempted to file suit by the apparent deadline and was turned away from the courthouse due to pandemic-related closures and was unable to file the complaint online through no fault of his own").

In short, the facts in this case support the application of equitable tolling. The COVID-19 restrictions in the prison adversely affected the mail system, which was

beyond Washington's control, and he was reasonably diligent in submitting his motion via the mail despite the obstacles he faced. See *Lombardo*, 860 F.3d at 552.

**B.     Procedural default**

The government next argues that Washington procedurally defaulted his claims because he failed to raise his challenges to the indictment and jury instructions at trial or on direct appeal. "In general, habeas corpus petitioners may not raise any issue that they might have presented on direct appeal." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). "A petitioner may, however, overcome procedural default by showing cause for the default and actual prejudice, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Id.* at 294-95 (internal citations and quotation marks omitted). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is actually innocent of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (internal quotation marks omitted).

The government contends that Washington cannot overcome the default because he can neither show cause and actual prejudice nor actual innocence. Washington contends that his claim was foreclosed by circuit precedent and he could not have viably raised it at trial or on appeal. Mov.'s Reply Br. at 3. He points out that neither the trial court nor the Seventh Circuit would have been receptive to the "knowledge-of-status argument before *Rehaif*." *Id.* Accordingly, he contends that he has shown cause to excuse the procedural default.

Washington is right that his knowledge-of-status argument would have been thwarted by controlling law at the time of his trial and direct appeal. That said, the

7

Seventh Circuit has not yet addressed whether the change in the law resulting from *Rehaif* is sufficient to establish cause in the context of a section 2255 motion.

In *United States v. Maez*, 960 F.3d 949 (7th Cir. 2020), the Seventh Circuit held that the Supreme Court's intervening decision in *Rehaif* constituted good cause for the defendants' failure to challenge the sufficiency of their indictments and convictions by jury verdicts based on the knowledge-of-status argument. *Id.* at 953. *Maez*, however, involved a direct appeal applying the "good cause" standard under Federal Rule of Criminal Procedure 12(b)(3). The standard of cause to excuse procedural default in the context of a motion under section 2255 is higher. *See United States v. Frady*, 456 U.S. 152, 166 (1982) ("[t]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").

Even if Washington could establish cause, based for example on his counsel's failure to assert the point or on the change in the governing legal standard, he cannot show prejudice, which is required in addition to cause to excuse a procedural default. Washington had completed a prison sentence of twenty-eight months for a prior felony conviction at the time he was charged under § 922(g)(1), which is strong evidence that he had knowledge of his status as a felon. *See Allison v. United States*, No. 19 C 349, 2021 WL 872138, at *12 (S.D. Ill. Mar. 9, 2021) ("[movant] has provided no basis to conclude that a reasonable juror could have inferred that he was somehow unaware that he had been convicted of one or more felonies when he possessed the firearm"); *see also Lacey v. United States*, No. 19 C 994, 2020 WL 3129438, at *1-2 (S.D. Ill. June 12, 2020) (finding it "implausible" that movant lacked knowledge of status because he had "been previously sentenced to prison for over a year on at least three separate

8

occasions").

In addition, Washington stipulated at trial that he had a prior conviction of a felony crime punishable by more than one year of imprisonment, which is further evidence of knowledge. Gov.'s Resp. Br. at 4 (dkt. no. 15) ("The stipulations that the parties entered at trial included a stipulation that, on September 24, 2013, the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year."). For these reasons, the Court concludes that Washington cannot establish that he was prejudiced by the trial court's failure to instruct the jury that he had knowledge of his status as a convicted felon. It is readily apparent that this element would have been established, and easily. *See United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020) ("someone in [movant]'s position cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year" because he "served a term of imprisonment longer than a year"); *see Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020) ("It is inconceivable that [the movant], at the time he possessed the firearm, was unaware of th[e] felony conviction and sentence."); *see also United States v. Burgos*, No. 19 C 7305, 2020 WL 2098049, at *3 (N.D. Ill. May 1, 2020) (defendant's guilty plea and acknowledgment in his plea declaration that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year "precludes his claim that he did not know that he belonged to the category of persons barred from possessing a firearm"); *United States v. Harrison*, No. 19 C 4516, 2020 WL 6132224, at *2 (N.D. Ill. Oct. 19, 2020) ("[i]t is highly implausible that [the movant] was himself ignorant of his status as a felon" because he "had already been convicted of two felonies" and "served more than one

year for at least one conviction").

Washington says that he lacked knowledge of his status at the time he committed the offenses because he was under the influence of heroin, cocaine, and marijuana. But Washington's argument is foreclosed by controlling law: voluntary intoxication does not negate knowledge. *See* Pattern Criminal Jury Instructions of the Seventh Circuit 6.09(A) cmt. (2020) ("Voluntary intoxication is not generally a defense to a general intent crime, that is, one that is done 'knowingly.'"); *see also United States v. Reed*, 991 F.3d 399, 401 (7th Cir. 1993) (rejecting intoxication defense for firearm offense—a general intent crime—and suggesting that such an argument could prevail only "if the defendant were comatose and the evidence indicated someone dropped the gun in his lap"). In any event, "[a]n intoxication defense requires evidence demonstrating that the defendant's mental faculties were so overcome by intoxicants that he was rendered incapacitated." *Faucett v. United States*, 872 F.3d 506, 511 (7th Cir. 2017). Washington has offered no evidence to suggest that this was the case. (The Court also notes that if this were actually a viable argument, one would have expected it to be presented, successfully, with regard to the requirement of knowing possession of a firearm and ammunition.)

Finally, even if Washington had contested to the issue of knowledge at trial, no reasonable juror could have found that Washington lacked knowledge of his felony status. To prevail, Washington "would have [had] to convince a jury that he either had no knowledge of where he spent [twenty-eight months] of his life, or that he honestly believed Illinois had imprisoned him [for about sixteen months] . . . more than the maximum punishment for" the offense. *See Williams*, 946 F.3d 973-74. "The chance of

a *Rehaif*-based argument succeeding on [these facts] is nil." *See id.*

Washington's remaining avenue for overcoming the procedural default is to show actual innocence, but he does not contend that he is innocent of the offenses under section 922(g)(1). In any event, actual innocence can be established only if the movant can "show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018). Washington cannot meet that burden on the record before the Court.

In sum, there is no basis upon which Washington can overcome the procedural default of his *Rehaif* argument. Washington is not entitled to relief under section 2255.

**Conclusion**

For the foregoing reasons, the Court directs the Clerk to enter judgment denying Washington's section 2255 motion. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2) because there is nothing in the record to suggest that the Court's denial of Washington's motion on procedural grounds is debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 2, 2021

11